IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COLLEEN COLLINS,<br>CONFEDERATED SALISH and<br>KOOTENAI TRIBES,<br><br>Defendants. | CV 15-162-M-DLC<br><br>JUDGMENT, DECREE OF<br>FORECLOSURE AND ORDER OF<br>SALE<br><br>**FILED**<br><br>SEP 07 2016<br><br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

This matter having been brought before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney, for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Finding of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This Court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is subject of this foreclosure action is a leasehold interest of real property

1

owned by the Defendant Confederated Salish and Kootenai Tribes, located in the County of Missoula, State of Montana, and is described as follows.

> Lot 5 of the Evaro Homesite Tract No. 203-T-1548
> located in Section 13, T. 15N., R.20W., P.M.M.,
> Missoula County, Montana, Containing 3.93 acres, more
> or less.

The Confederated Salish and Kootenai Tribes leased its Interest in the above described property to the Salish Kootenai Housing Authority on October 1, 2007. On that same date, the Salish and Kootenai Housing Authority, a tribally designated housing entity, subleased the real property described above to Defendant Colleen D. Collins.

2. On January 10, 2011, Colleen Collins received a loan in the amount of $104,030.00 from Bank2, pursuant to the Housing and Community Development Act of 1992(12 U.S.C.§ 1715z-13a). The loan is evidenced by a promissory note dated January 10, 2011. A true and correct copy of the promissory note is attached to the Complaint at Exhibit A.

3. As security for the above described loan, Colleen Collins executed a Deed of Trust on January 10, 2011. A true and correct copy of the Deed of Trust is attached to the Complaint as Exhibit B. The Deed of Trust provides as security Collins leasehold interest in the real property described in paragraph 1 above. The Deed of Trust is also governed by HUD Section 184.

4. The Note and Deed of Trust was subsequently assigned to the Secretary of Housing and Urban Development, which assignment was filed with the Branch of Realty Titles and Records Section of the Confederated Salish and Kootenai Tribes, BIA Title Status Report under document number 203-44383. A true and correct copy of the assignment is attached to the complaint as Exhibit C.

5. Defendant Colleen Collins, is in default under the terms of the promissory note and leasehold mortgage due to failure to make timely payments of principal and interest as agreed. The lender made numerous mitigation efforts to work with Colleen Collins to cure the default. The default was not cured. The lender assigned the loan to HUD to commence foreclosure proceedings.

6. By virtue of the lease with Colleen Collins, Defendant Confederated Salish and Kootenai Tribes and Salish Kootenai Housing Authority may claim a right of first refusal to acquire the borrowers interest in the real property subject to this foreclosure proceedings, upon payment of all sums in arrears, and either payment of the balance of the loan or assumption of the mortgage. The right of first refusal may be exercised within thirty days after notice in writing from the lender of the borrower's default. By letter dated February 4, 2013, notice was provided to the Tribe offering the right of first refusal. A true and correct copy of the letter is attached to the complaint Exhibit D. The Tribe declined to exercise its right of first refusal.

7.     Defendant, Colleen Collins, is indebted to the Plaintiff for the loan outlined above in the principal amount of $100,698.90, plus accrued interest in the amount of $7,338.80 as of April 1, 2015, for a combined total of $108,037.70 as of April 1, 2015. The Agency has waived collecting any additional interest. However, the Plaintiff will seek post-judgment interest pursuant to 28 U.S.C. § 1961.

8.     On January 25, 2016 the United States Marshal's Office served the Summons and Complaint on Colleen Collins. Defendant Colleen Collins did not make an appearance and her default was entered on July 25, 2016. (Doc. #12).

9.     On December 23, 2015, the Confederated Salish and Kootenai Tribes executed a Waiver of Service of Summons filed with the Court on December 29, 2015, as (Doc. #5). On February 1, 2016, the Confederated Salish and Kootenai Tribes filed an Answer to the Complaint by and through their counsel of record, Brian Upton see (Doc. #8). On July 26, 2016, Defendant Confederated Salish and Kootenai Tribes and Salish Kootenai Housing Authority executed a stipulation with the United States consenting to entry of judgment, decree of foreclosure and order of sale pursuant to the terms set forth in the stipulation filed with the Court under (Doc. #14).

## CONCLUSIONS OF LAW

10.    Both the terms of the Stipulation (Doc. #14), and the statutes governing HUD Section 184 mortgages, provide that upon any foreclosure sale the property

described in the complaint may only be sold or transferred to an eligible tribal member, the tribe, or the Indian housing authority (or Tribally-Designated Housing Entity) serving the tribe. Any judgment of foreclosure shall incorporate the limitations on the nature of the purchasers at foreclosure sale as set forth in 12 U.S.C. Section 1715z-13a(h)(2).

11. Also as set forth in the Stipulation (Doc. #14), the judgment shall further provide that the purchaser of the foreclosed leasehold interest is not entitled to a deed, but is entitled to either a new lease or an assumption of the existing lease, as described in the "Rider for Section 184 Mortgage – Leasehold." The judgment shall also provide that any purchaser at a foreclosure sale must receive the written consent of the Confederated Salish and Kootenai Tribes.

12. Salish Kootenai Tribal Ordinance incorporates Title 71, Chapter 1, Part 2 of the Montana Code Annotated regarding the notice and advertising for a foreclosure sale, except that the Tribal law provides the debtors with a ninety (90) day period to redeem, rather than the one year period of redemption provided under Montana law.

13. Default was properly entered as to Defendant Colleen Collins.

WHEREFORE, the United States prays for judgment as follows:

1. Plaintiff, United State of America, have foreclosure judgment against Defendant, Colleen Collins, in the principal amount of $100,698.90, plus accrued

interest in the amount of $7,338.80 as of April 1, 2015, for a combined total of $108,037.70 as of April 1, 2015. The Agency has waived collecting any additional interest. However, the Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2. The real property described in the Deed of Trust, may only be sold or transferred to an eligible tribal member, the tribe, or the Indian housing authority (or Tribally-Designated Housing Entity) serving the tribe. The notice of foreclosure sale shall incorporate the limitations on the nature of the purchasers at foreclosure sale as set forth in 12 U.S.C. Section 1715z-13a(h)(2).

3. The purchaser of the foreclosed leasehold interest is not entitled to a deed, but is entitled to either a new lease or an assumption of the existing lease, as described in the "Rider for Section 184 Mortgage – Leasehold." Any purchaser at the foreclosure sale must receive the written consent of the Confederated Salish and Kootenai Tribes for the new lease or assumption of the existing lease.

4. Pursuant to the Confederated Salish and Kootenai Tribes Ordinance, Title 71, Chapter 1, Part 2 of the Montana Code Annotated regarding the notice and advertising of a foreclosure sale applies to this judgment, except that the judgment debtor shall only have a ninety (90) day redemption period.

5. The real property be sold in one unit.

6. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the leasehold interest in real property. The

purchaser be entitled to a new lease or assumption of lease subject to the consent of the Confederated Salish and Kootenai Tribes at the expiration of ninety (90) days from the date of the sale, unless the premises are previously redeemed as provided.

7.    The U.S. Marshal for the District of Montana, out of the proceeds of the sale, shall retain his fee, disbursements, and expenses of the sale, and proceeds shall next be applied to the debt owed to the Plaintiff, United States herein for application to the amount due on its deed of trust and note, with the excess proceeds, if any, to be paid to the Clerk of Court in order for the Court to determine the priority to any surplus proceeds in accordance with law.

8.    The Defendant Colleen Collins, and any and all persons claiming under her, and all persons having liens subsequent and inferior to the lien of the Plaintiff's Deed of Trust, either by mortgage, judgment, or decree, upon the leasehold interest in real property described in the Deed of Trust subject to this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the expiration of the 90 day redemption period. This judgment does not terminate the Confederated Salish and Kootenai Tribes ownership of the real property held in trust by the United States.

DATED this 7th day of September, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court Judge